J. S15039/17

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| v. | : | |
| | : | |
| ANTHONY THOMASON, | : | No. 260 EDA 2016 |
| | : | |
| Appellant | : | |

Appeal from the PCRA Order, December 7, 2015,
in the Court of Common Pleas of Philadelphia County
Criminal Division at No. CP-51-CR-0500321-2004

BEFORE:  BOWES, J., DUBOW, J. AND FORD ELLIOTT, P.J.E.

MEMORANDUM BY FORD ELLIOTT, P.J.E.:          **FILED APRIL 04, 2017**

Anthony Thomason appeals from the December 7, 2015 order dismissing his second petition filed pursuant to the Post-Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546.  After careful review, we affirm.

The underlying facts of this case were summarized by the PCRA court and need not be reiterated here.  (*See* PCRA court opinion, 2/10/16 at 3-4.) In sum, appellant was found guilty of first-degree murder, possessing instruments of crime, carrying a firearm without a license, and carrying a firearm on public streets or public property in Philadelphia[1] after he shot and killed James Preston Thomas in the early morning hours of August 2, 2003. On March 27, 2006, appellant was sentenced to a mandatory aggregate

---

[1] 18 Pa.C.S.A. §§ 2502, 907, 6106, and 6108, respectively.

term of life imprisonment without the possibility of parole. On October 18, 2007, this court affirmed appellant's judgment of sentence, and our supreme court denied appellant's petition for allowance of appeal on May 8, 2008. *See **Commonwealth v. Thomason***, 943 A.2d 324 (Pa.Super. 2007) (unpublished memorandum), ***appeal denied***, 947 A.2d 737 (Pa. 2008).

On April 14, 2009, appellant filed a timely ***pro se*** PCRA petition and counsel was appointed to represent him. Appellant filed amended petitions on August 17, 2009 and August 13, 2010. On November 4, 2011, the PCRA court entered an order dismissing appellant's petition. On December 20, 2013, this court affirmed the PCRA court's order, and appellant filed a petition for allowance of appeal with our supreme court on January 14, 2014. *See **Commonwealth v. Thomason***, 93 A.3d 515 (Pa.Super. 2013) (unpublished memorandum), ***appeal denied***, 92 A.3d 811 (Pa. 2014).

While his petition for allowance of appeal was pending before our supreme court, appellant filed the instant ***pro se*** PCRA petition, his second, on March 7, 2014.[2] On September 17, 2014, the PCRA court sent appellant notice of its intent to dismiss his petition without a hearing, pursuant to Pa.R.Crim.P. 907(1). Appellant responded to the PCRA court's Rule 907 notice on September 30, 2014. Following several continuances, the PCRA court entered an order on November 17, 2015, dismissing appellant's

---

[2] The record reflects that appellant's petition for allowance of appeal was ultimately denied by our supreme court on May 21, 2014. (***See*** certified record at 31.)

petition. The docket entry for this order incorrectly indicates that appellant had been appointed counsel who requested permission to withdraw in accordance with **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988), and **Commonwealth v. Finley**, 550 A.2d 213 (Pa.Super. 1988) (**en banc**). The record further reflects that the PCRA court mistakenly entered a second Rule 907 notice on November 19, 2015, rather than forwarding appellant its November 17, 2015 order in accordance with Rule 907(4).[3] The PCRA court erroneously indicated in this second Rule 907 notice that appellant's appointed counsel had filed a **Turner**/**Finley** letter and concluded that his issues were without merit. (**See** Rule 907 notice, 11/19/15; certified record at 35.) Appellant filed a response to the PCRA court's dismissal notice on December 3, 2015.

On December 7, 2015, the PCRA court entered an order vacating its November 17, 2015 order "because a copy of that ORDER was not sent to [appellant.]" (PCRA court order, 12/7/15; certified record at 37.) This order

---

[3] Rule 907(4) provides as follows:

> (4)   When the petition is dismissed without a hearing, the judge promptly shall issue an order to that effect and shall advise the defendant by certified mail, return receipt requested, of the right to appeal from the final order disposing of the petition and of the time limits within which the appeal must be filed. The order shall be filed and served as provided in Rule 114.

Pa.R.A.P. 907(4).

dismissed appellant's second petition without a hearing because it was both untimely filed and premature. (*Id.*) The order further instructed that the November 17, 2015 docket entry be amended to reflect that, "[appellant's] PCRA petition was dismissed because it was untimely filed and because it was filed while his petition for allowance of appeal was still pending." (*Id.*) The PCRA court clarified that no *Turner/Finley* letter had been filed and that appellant had not been appointed counsel "because the instant matter commenced with the filing of a premature and untimely second PCRA petition." (*Id.*)

Appellant filed a *pro se* notice of appeal that was docketed on January 13, 2016.[4] On May 5, 2016, this court directed appellant to show cause as to why his January 13, 2016 appeal should not be quashed as untimely. (*Per curiam* order, 5/5/16.) On May 25, 2016, this court entered an order discharging its May 5, 2016 rule to show cause and referred the timeliness issue to the instant panel. (*Per curiam* order, 5/25/16.)

Preliminarily, we must address whether appellant's *pro se* appeal is timely. It is well settled that a "notice of appeal . . . shall be filed within 30 days after the entry of the order from which the appeal is taken."

---

[4] Although not ordered to do so, appellant filed a concise statement of errors complained of on appeal, in accordance with Pa.R.A.P. 1925(b), on February 9, 2016. The PCRA court filed its Rule 1925(a) opinion on February 10, 2016.

Pa.R.A.P. 903(a). In the instant matter, appellant's notice of appeal was filed on January 13, 2016, 37 days after the entry of the December 7, 2015 order dismissing his second PCRA petition. Although appellant's notice of appeal appears to be untimely on its face, we conclude that the prisoner mailbox rule applies to this case. Where a *pro se* appellant is incarcerated, as is the case here, an appeal is deemed filed on the date the prisoner deposits the appeal with prison authorities or places it in a prison mailbox. *See Commonwealth v. Chambers*, 35 A.3d 34, 38 (Pa.Super. 2011), *appeal denied*, 46 A.3d 715 (Pa. 2012).

Instantly, the record reflects that appellant deposited his *pro se* notice of appeal in the prison mailbox on December 20, 2015, with proof of service that the notice was mailed to the court on that date. (*See* "Supplemental Response to Order to Show Cause Issued on May 5, 2016," 6/13/16 at Exhibit AA, at 4-5.) Appellant's notice of appeal, however, mistakenly omitted two digits from the case docket number.[5] As a result, the clerk of courts returned the notice of appeal to appellant with an undated letter advising him to resubmit his "motion" with the correct number. (*Id.* at Exhibit AA, at 8-9.) The envelope accompanying this letter was post-marked January 5, 2016, and received by prison authorities at SCI Benner on January 6, 2016. (*Id.* at Exhibit AA, at 7.) On January 13, 2016, appellant

---

[5] The caption on appellant's notice of appeal contained docket number CP-51-CR-05321-2004; the correct docket number is CP-51-CR-05**00**321-2004.

deposited a **pro se** notice of appeal with prison authorities that included the correct docket number; this notice of appeal was docketed that same day. (**See** notice of appeal, 1/13/16; certified record at 38.)

There is no indication that appellant's **pro se** notice of appeal was time-stamped with the date it was initially received by the clerk of courts.[6] However, the record reflects that the envelope accompanying the appeal was time-stamped as having been received on December 24, 2015, well before the 30-day appeal period expired. (**See** "Supplemental Response to Order to Show Cause Issued on May 5, 2016," 6/13/16 at Exhibit AA, at 10.) Pennsylvania Rule of Appellate Procedure 905 requires that, "[u]pon receipt of the notice of appeal the clerk shall immediately stamp it with the date of receipt, and that date shall constitute the date when the appeal was taken, which date shall be shown on the docket." Pa.R.A.P. 905(a)(3). The "[f]ailure of an appellant to take any step other than the timely filing of a notice of appeal does not affect the validity of the appeal." Pa.R.A.P. 902. Accordingly, we deem the instant appeal to be timely. **See Commonwealth v. Williams**, 106 A.3d 583, 585-589 (Pa. 2014) (holding that a clerk of courts lacks the authority to reject, as defective, an otherwise timely notice of appeal; "therefore [it is] obligated to accept and process notices of appeal upon receipt in accordance with the Rules of Appellate

---

[6] We note that court-appointed counsel entered her appearance in this court on June 10, 2016, and has filed a brief on appellant's behalf.

Procedure, notwithstanding any perceived defects therein" (citations omitted)).

On appeal, appellant presents the following issues for our review:

[1.] Whether the Order filed on December 7, 2015 is not free of legal err [sic] because the PCRA Court did not comply with Pa.R.Cr[im].P. 907 and provide notice informing [appellant] of the reasons for dismissing his PCRA Petition without a hearing and effectively denying [appellant] a meaningful opportunity to amend his PCRA petition?

[2.] Whether the PCRA Court abused its discretion in dismissing the second PCRA petition without a hearing where a review of the record indicates [appellant] was denied the assistance of counsel in connection with the first PCRA petition?

[3.] Whether the PCRA Court abused its discretion in dismissing the second PCRA petition for lack of jurisdiction because it was filed while the petition for allowance of appeal from the denial of the first PCRA petition was pending?

[4.] Whether the PCRA Court abused its discretion when it found the second PCRA Petition to be untimely?

[5.] Whether the conviction was obtained and sentence imposed in violation of the right to effective assistance of counsel guaranteed by the Sixth and Fourteenth Amendments to the Constitution of the United States?

Appellant's brief at 2-3.

We must begin by addressing whether the PCRA court lacked jurisdiction over appellant's petition. The record reflects that appellant filed

the instant *pro se* PCRA petition on March 7, 2014, during the pendency of his appeal from the order denying his first PCRA petition. It is well settled that an appellant cannot file a successive PCRA petition while his previous PCRA petition is still pending on appeal. "When an appellant's PCRA appeal is pending before a court, a subsequent PCRA petition cannot be filed until the resolution of review of the pending PCRA petition by the highest state court in which review is sought, or upon the expiration of the time for seeking such review." *Commonwealth v. Lark*, 746 A.2d 585, 588 (Pa. 2000); *see also Commonwealth v. Ali*, 10 A.3d 282, 320 (Pa. 2010) (citing *Lark* for the proposition that "as [a] matter of jurisdiction, [a] PCRA court cannot entertain new PCRA claims or [a] new PCRA petition when [a] prior petition is still under review on appeal"). Accordingly, we agree with the PCRA court that it did not possess jurisdiction to address the merits of appellant's second PCRA petition.

Furthermore, even if the appeal of appellant's first PCRA petition was not pending, the timeliness of appellant's second PCRA petition implicates the jurisdiction of this court and the PCRA court. *See Commonwealth v. Davis*, 86 A.3d 883, 887 (Pa.Super. 2014) (citation omitted). All PCRA petitions, including second and subsequent petitions, must be filed within one year of when a defendant's judgment of sentence becomes final. 42 Pa.C.S.A. § 9545(b)(1). "A judgment becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the

United States and the Supreme Court of Pennsylvania, or at the expiration of the time for seeking the review." *Id.* § 9545(b)(3). If a PCRA petition is untimely, a court lacks jurisdiction over the petition. *Commonwealth v. Callahan*, 101 A.3d 118, 120-121 (Pa.Super. 2014).

Here, it is undisputed that appellant's March 7, 2014 PCRA petition is patently untimely. Appellant's judgment of sentence became final on August 6, 2008, 90 days after our supreme court denied his petition for allowance of appeal and the time for filing a petition for *certiorari* with the United States Supreme Court expired. *See* 42 Pa.C.S.A. § 9545(b). As a result, the PCRA court lacked jurisdiction to review appellant's petition on this basis as well, unless appellant alleged and proved one of the statutory exceptions to the time bar set forth in Section 9545(b)(1). *See Commonwealth v. Lawson*, 90 A.3d 1, 5 (Pa.Super. 2014). Here, we agree with the well-reasoned rationale of the PCRA court that appellant failed to prove any of the statutory exceptions to the PCRA time-bar. (*See* PCRA court opinion, 2/10/16 at 5-9.)

Accordingly, we find the PCRA court lacked jurisdiction to consider the merits of appellant's second PCRA petition and properly dismissed it as untimely and prematurely filed. We affirm the December 7, 2015 order of the PCRA court.

Order affirmed.

J. S15039/17

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 4/4/2017